THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-158-FDW

| | |
|---|---|
| DERRICK JERVON LINDSAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| DEPARTMENT OF PUBLIC SAFETY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint under 28 U.S.C. §§ 1915A and 1915(e).[1]

**I.    BACKGROUND**

Pro se Plaintiff Derrick Jervon Lindsay, a North Carolina inmate incarcerated at Lanesboro Correctional Institution, filed this action on April 7, 2014, pursuant to 42 U.S.C. § 1983. Plaintiff has named the North Carolina Department of Public Safety as the sole Defendant in this action. Plaintiff's action against Defendant is based on the following factual allegations:

> On 2-16-14 the PERT "Prison Emergency Response Team" came into my cell to search. I was not in the pod at this time, I was getting a haircut. Acting on [] behalf of the Department of Public Safety, upon entering my cell they proceeded to throw my property around my room for no reason at all while searching. When I got back to the cell I found my property to b[e] scattered all over my room. My head phones to my radio [were] destroyed, several of my personal books were torn apart, my magazines were torn apart, some of my court papers were thrown in my toilet, over 70 of my pictures were missing, and letters that were written to me by my grandmother who died in 2012 was missing. These were letters that I

---

[1] Plaintiff filed an application to proceed in forma pauperis along with the Complaint. (Doc. No. 2). On April 25, 2014, the Clerk entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 6).

-1-

can never get back. And my birth certificate was taken which I got back from the sergeant, also an address book that I had which contained private and personal addresses and information was thrown away and never returned to me.

(Doc. No. 1 at 4). Plaintiff seeks "[a] preliminary and permanent injunction ordering defendant the Department of Public Safety or anybody or anyone acting on its behalf [to] use the hand-held video camera when searching any cell." (Id.). Plaintiff also seeks compensatory and punitive damages. (Id.).

## II.  STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.  DISCUSSION

Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. As its language indicates, Section 1983 applies only to "persons" acting under color of state law. By suing the North Carolina Department of Public Safety as the sole Defendant, Plaintiff has effectively sued the State of North Carolina. However, neither the State nor it agencies constitute "persons" subject to suit under Section 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989). Furthermore, the Eleventh Amendment bars Plaintiff's suit for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003); Savage v. North Carolina Dep't of Corr., No. 5:06-cv-171-FL, 2007 WL 2904182, at *5 (E.D.N.C. Sept. 29, 2007). For these reasons, the Complaint must be dismissed.

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss this action.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's Complaint is **DISMISSED** in its entirety for the reasons stated herein. The dismissal will be without prejudice to Plaintiff to sue the proper individuals in a subsequent suit.[2]

---

[2] The Court observes, however, that any claims regarding the search of Plaintiff's prison cell would likely fail because Plaintiff does not have a reasonable expectation of privacy in his cell. See Hudson v. Palmer, 468 U.S. 517, 530 (1984). As a result, he likely has no Fourth

2. The Clerk is directed to close the case.

Signed: May 8, 2014

Frank D. Whitney
Chief United States District Judge

---

Amendment claim arising from the search and alleged destruction of his property. Furthermore, North Carolina provides Plaintiff with an adequate state remedy for the allegation destruction of his property. See id. at 530 (noting that "there are adequate state tort and common-law remedies available . . . to redress the alleged destruction of [the prisoner's] personal property").